UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                    Case No. 3:11cr24/MCR

**TELLY J. HILL, a/k/a "Tally,"
ERICK D. SMITH, a/k/a "Tator,"
and ISMAEL A. RODRIGUES,**

    **Defendants.**
_____/

## ORDER

      The second superseding indictment (doc. 54) charges Defendant Telly J. Hill ("Hill") with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base ("crack") from May 1, 2009, through the date of the indictment, in violation of 21 U.S.C. § 841(b)(1)(A)(ii) & (iii) and § 846; and using a firearm during and in relation to a drug trafficking crime and in furtherance of the conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(i) & (iii), and § 2.  Pending before the court is a motion in limine filed by Hill (doc. 18), requesting the exclusion of certain evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.  The Government opposes the motion (doc. 21).  Having reviewed the record and the arguments of the parties, the court determines that the motion is due to be denied for the following reasons.

      Specifically, Hill challenges the admissibility of (1) a drive-by-shooting incident implicating him and (2) two prior convictions.  The Government provided Hill with discovery documents indicating that at approximately 2:19 a.m. on September 1, 2010, Deputy Bradley Baker, Escambia County Sheriff's Office, was dispatched to the area of 613 Citrus Street, where Michael Rawls reported that a maroon four-door Cadillac with a cream hood

pulled into the drive of his residence and fired five to seven rounds into the residence. Rawls reported that at 1:19 a.m., he had received a phone call from an unidentified male who said, "you want me. you wanna see me," and Rawls hung up. The call was from the number 850-449-3696; a number that belonged to Hill, who went by the name, "Tally," but Rawls stated he had never heard of "Tally." The next day he told ATF Special Agent Allen Davis that the caller had said, "I know you are working for the police," and, "you are a dead man," or words to that effect. Rawls said he had omitted those statements in the account he gave to Deputy Baker.

Additionally, the Government has given written notice of its intent to introduce evidence that on May 27, 2010, Hill was convicted of the offense of "Cocaine Sell within 1000 feet of Public Housing, Cocaine Sale/Manufacture/Deliver;" and that on June 28, 2004, Hill was convicted in state court of the offense of possession of cocaine.

Hill argues that the evidence is inadmissible pursuant to Federal Rule of Evidence 404(b) because there is insufficient evidence that he was involved in the drive-by shooting and because the prior offenses occurred before the commencement of the alleged conspiracy and therefore their probative value is outweighed by the danger of unfair prejudice pursuant to Rule 403 of the Federal Rules of Evidence.

The Eleventh Circuit has indicated that a three-part test is appropriate to determine whether extrinsic evidence of a prior bad act is admissible under Rule 404(b):

> First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; [and] Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

*United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir.2005), *cert. denied*, 549 U.S. 811 (2006). Rule 403 requires the court to consider all of the circumstances, including the prosecutor's need for the evidence, the overall similarity between the extrinsic act and the charged offense, and the temporal remoteness of the prior act. *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003). The remedy of excluding evidence pursuant to Rule 403 is an extraordinary one, to be invoked sparingly, and the balance ordinarily "should be

struck in favor of admissibility." *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003) (internal marks omitted).

The drive-by shooting allegedly took place during the time frame of the conspiracy, and the Government asserts that this evidence is intertwined with the offenses charged because it demonstrates that the defendant was in possession of a firearm and used it against a known cooperating individual to protect the defendant's drug distribution operation. The court agrees. As such, this evidence is intrinsic to the conspiracy and gun charges, not extrinsic; it is therefore admissible as part and parcel of the charged offenses. *See United States v. Jimenez*, 224 F.3d 1243, 1249-50 (11th Cir. 2006) (evidence that is inextricably intertwined with the charged conduct such that it tends to corroborate, explain or provide context is not extrinsic and not subject to Rule 404(b)).

The defendant acknowledges that the prior drug convictions are relevant to a federal drug conspiracy charge, but asserts that the prior convictions should be excluded as unfairly prejudicial because the Government intends to introduce only the convictions, with no explanation regarding the circumstances surrounding those charges. Hill asserts that the charges did not involve a conspiracy, and therefore, they only tend to prove a character or disposition for drug dealing and should be excluded. The court disagrees. The defendant's intent is at issue in this drug conspiracy case. It is well settled that prior drug trafficking convictions "are considered highly probative of intent to commit current drug trafficking offenses." *United States v. Brown*, 587 F.3d 1082, 1091 (11th Cir. 2009). The conspiracy in this case allegedly began in 2009, and the "Cocaine Sell" conviction occurred in 2010, during the alleged conspiracy, and it is therefore highly probative and not unfairly prejudicial. The other prior conviction in the Government's Rule 404(b) notice was for possession of cocaine; this is also relevant. *See United States v. Butler*, 102 F.3d 1191, 1196 (11th Cir.) (holding evidence of prior personal drug use is relevant to prove intent in a subsequent prosecution for distribution of narcotics or conspiracy to distribute), *cert. denied*, 520 U.S. 1219 (1997). The possession conviction dates back to 2004, only five years prior to the beginning of the conspiracy alleged in the indictment. The court concludes that this prior conviction is not too remote to be relevant to intent, nor does it

present a danger of unfair prejudice in this case.  *See Brown*, 587 F.3d at 1091 (finding admissible prior convictions that occurred only six years before the beginning of the conspiracy charged).

For the foregoing reasons, it is hereby ORDERED that Defendant's motion in limine (doc. 18) is DENIED.

**DONE AND ORDERED on this 26th day of May, 2011.**

*s/ M. Casey Rodgers*
**M. CASEY RODGERS
United States District Judge**