UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          Case No. 3:11cr24/MCR

TELLY J. HILL, a/k/a "Tally,"
ERICK D. SMITH, a/k/a "Tator,"
and ISMAEL A. RODRIGUES,

    Defendants.
_____/

## ORDER

Defendant Erik D. Smith ("Smith") is charged in a five count indictment (doc. 54) as follows: (a) Count One - conspiracy to traffic cocaine, (b) Count Two - use of a firearm in furtherance of a drug trafficking offense, (c) Count Three - possession of a firearm by a convicted felon, and (d) Counts Four & Five - money laundering. Smith has filed a motion to sever Count Three of the indictment from his other charges (doc. 44) and an objection to the Government's 404(b) evidence (doc. 45). Both motions essentially seek the same remedy – exclusion of Smith's two prior convictions for Possession of Cocaine. The Government opposes the motions (doc. 50). Having reviewed the record and considered the parties' arguments, the court determines that both motions are due to be denied.

<u>Severance of Count Three</u>

Pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure, two or more offenses can be charged and tried together when the offenses: (1) are of the same or similar character; (2) are based on the same act or transaction; or (3) are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. Proc. 8(a). The Rule is construed "broadly in favor of initial joinder." *United States v. Walser*, 3 F.3d 380, 385

(11th Cir. 1993). When it appears that a defendant is prejudiced by the joinder of offenses, the court may grant a severance, Fed. R. Crim. Proc. 14, but severance is "not required merely because defendant's chances for acquittal would have been better if he had been tried in a separate trial on one count," *United States v. Kabbaby*, 672 F.2d 857, 861 (11th Cir. 1982). In deciding the issue of severance, the "trial judge [is] required to balance the prejudice to the defendant against the interests of judicial economy," *United States v. Benz*, 740 F.2d 903, 911 (11th Cir. 1984), *cert. denied*, 474 U.S. 817 (1985). Moreover, severance is justified as a remedy only if the prejudice is clearly beyond the curative powers of a cautionary instruction. *United States v. Baker*, 432 F.3d 1189, 1236-37 (11th Cir. 2005), *cert. denied*, 547 U.S. 1085 (2006).

Smith moves to sever Count Three, arguing that the initial joinder requirements of Rule 8(a) are not met, and that unfair prejudice will result from joinder because the jury will unduly emphasize his prior criminal activity. The court disagrees. All of the counts are sufficiently related for joinder. Count Three charges Smith with possession of a firearm by a convicted felon, on or about April 14, 2011. As the Government explains, "[Smith] is charged in Count Two with *possessing a firearm* in furtherance of the drug trafficking offense in Count One, during the same time frame." (Doc. 50, at 4.) Furthermore, Smith's unfair prejudice argument fails because, as discussed in Section B, *infra*, evidence of Smith's prior criminal activity would be admissible for Counts One and Two regardless of whether Count Three was severed. *See United States v. Gabay*, 923 F.2d 1536, 1540 (11th Cir. 1991). Therefore, the court concludes that severance of Count Three is not warranted.

Admission of Fed. R. Evid. 404(b) Materials

Under Rule 404(b) of the Federal Rules of Evidence, a court may admit evidence of other crimes, wrongs, or acts when used to prove, *inter alia*, motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b). The Eleventh Circuit has articulated a three part test to determine whether extrinsic evidence of a prior act is admissible under Rule 404(b): (1) the evidence must be relevant to an issue other than the defendant's character, (2) there must be sufficient proof

to permit a jury finding that the defendant committed the extrinsic act, and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice. *United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005), *cert. denied*, 549 U.S. 811 (2006). The third requirement comes directly from Federal Rule of Evidence 403, which states, "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice," Fed. R. Evid. 403. However, the remedy of exclusion pursuant to Rule 403 is an extraordinary one, to be invoked sparingly, and the balance ordinarily "should be struck in favor of admissibility." *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003) (internal marks omitted). Rule 403 requires the court to consider all of the circumstances, including the Government's need for the evidence, the overall similarity between the extrinsic act and the charged offense, and the temporal remoteness of the prior act. *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003). In reviewing issues under Rule 403, "we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *U.S. v. Tinoco,* 304 F.3d 1088, 1120 (11th Cir. 2002), *cert. denied*, 538 U.S. 909 (2003).

      There is "[a]mple precedent . . . in this circuit finding that a not guilty plea in a drug conspiracy case . . . makes intent a material issue and opens the door to admission of prior drug-related offenses as highly probative, and not overly prejudicial, evidence of a defendant's intent." *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997), *cert. denied*, 523 U.S. 1033 (1998); *see also United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007)*; Matthews*, 431 F.3d at 1311; *United States v. Cardenas,* 895 F.2d 1338, 1342 (11th Cir. 1990). This is true even when the prior conviction is many years old. *See United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (finding admissible evidence of approximately 15 year old marijuana dealings); *United States v. Pollock*, 926 F.2d 1044, 1048 (11th Cir.) (noting that courts have upheld the admission of rule 404(b) evidence that "occurred ten and thirteen years earlier than the charged offense"), *cert. denied*, 502 U.S. 985 (1991); *see also Matthews*, 431 F.3d at 1311 (stating that the

Eleventh Circuit "has refrained from adopting a bright-line rule with respect to temporal proximity because decisions as to impermissible remoteness are so fact-specific that a generally applicable litmus test would be of dubious value" (internal marks omitted)). Furthermore, the Eleventh Circuit has explicitly held that evidence regarding the prior possession of illegal drugs is admissible at a subsequent distribution/conspiracy trial. *See United States v. Butler*, 102 F.3d 1191, 1196 (11th Cir.), *cert. denied*, 520 U.S. 1219 (1997); *see also Matthews*, 431 F.3d at 1318 (Tjoflat concurring) (noting that under 11th Circuit precedent there is a presumption that "virtually all prior drug offenses are relevant and almost automatically admissible in all drug conspiracy cases").

Smith contends that evidence of his prior convictions for Possession of Cocaine are in no way relevant to his current charges. However, the Government has indicated that the evidence will be used in order to prove knowing intent, and, as *Calderon* makes clear, a not guilty plea in a drug conspiracy case makes intent a material issue and opens the door to admission of prior drug-related offenses as highly probative evidence of the defendant's intent. 127 F.3d at 1332. Additionally, it is important to note that the prior convictions were for possession of *cocaine* – the same drug involved in the instant conspiracy. See *United States v. Green*, 40 F.3d 1167, 1174 (11th Cir. 1994), *cert. denied*, 514 U.S. 1089 (1995). Finally, although Smith's prior convictions occurred approximately six and ten years before the start of the alleged conspiracy, in light of Eleventh Circuit precedent, the court concludes that the prior convictions are not too temporally remote to be sufficiently probative. *See Lampley*, 68 F.3d at1300 (finding admissible evidence of approximately 15 year old marijuana dealings); *Pollock*, 926 F.2d at 1048 (noting that courts have upheld the admission of rule 404(b) evidence that "occurred ten and thirteen years earlier than the charged offense").

Smith also argues that, "because the case against him is arguably weak, . . . should the evidence be admitted, the prejudice will clearly outweigh any probative value." (Doc. 45, at 3.) The court has been directed to no authority that supports the proposition that a

weak case justifies the exclusion of 404(b) evidence.[1]  To the contrary, the weaker the government's case, the stronger the argument is for admitting the evidence.  *See Pollock*, 926 F.2d at 1049 (explaining that if "the Government has a strong case on the intent issue, the extrinsic offense may add little and consequently will be excluded more readily").  Thus, the court concludes that the probative value of the evidence of the prior felony drug convictions is not substantially outweighed by prejudice to Smith.

For the foregoing reasons, it is hereby ORDERED that Defendant's motion to sever Count Three (doc. 44) and his motion to exclude evidence of prior convictions (doc. 45) are DENIED.

**DONE AND ORDERED on this 16th day of June, 2011.**

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**United States District Judge**

---

[1] For support, the defense cites *United States v. Gonzalez*, 2011 WL 200136 (11th Cir. 2011), *petition for cert. filed* (U.S. Apr. 24, 2011) (No. 10-10288), which merely explains that when there is overwhelming evidence of guilt, appellate courts need not decide whether the district court abused its discretion in admitting 404(b) evidence.  Defense also cites *United States v. Larios-Trujillo*, 403 Fed.Appx. 442 (11th Cir. 2010), and *United States v. Darling*, 396 Fed.Appx. 607 (11th Cir. 2010), neither of which addresses the issue of prior convictions under 404(b).

Case No. 3:11cr24/MCR